SEWARD v. BOARD OF SUP'RS OF YAZOO COUNTY.

[99 So. 383.   No. 23931.]

(Division B. Feb. 25, 1924.   Suggestion of Error Overruled March 24, 1924.)

TAXATION. *Purchaser at tax sale held not entitled to five per cent. on amount necessary to redeem.*

Where land has been sold for the payment of taxes, and the owner of the property sold redeems under section 6972, Hemingway's Code (section 4338, Code of 1906), by paying the sums therein required, the purchaser at the tax sale is not entitled to the five per cent. on the total amount necessary to redeem; but under the salary law of 1916 and amendments thereto, while the county officers were operating under the salary law, it is paid into the county treasury.

APPEAL from circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Action by D. Seward against the board of supervisors of Yazoo county. From a judgment for defendant, plaintiff appeals. Affirmed.

*Holmes & Williams,* for appellant.

The sole question here is the disposition of the five per centum on the whole amount of redemption money required to be paid on the redemption of land from tax sales. The determination of this question involves a construction of section 6972 of Hemingway's Code (section 4338, Mississippi Code of 1906).

In the sale of land to individuals for taxes, the only persons participating in the redemption money are the purchaser, the tax collector, and the chancery clerk. The state and county have never participated in any part of such redemption money, except during the period when county officers were on a salary basis, and then only because the law fixing the salaries of county officers provided that all fees, commissions, and emoluments which said officers were theretofore under the law allowed to demand, receive and take, should be paid into the county treasury. The disposition of the five per centum in question is therefore to be determined as between the chancery clerk, the tax collector, and the purchaser. The state only wants its taxes. That is what the sale is for. See section 6962, Hemingway's Code (section 4328, Mississippi Code of 1906).

The tax collector has never asserted any claim to the five per centum in question, nor is there any provision of law upon which he could assert such claim, and it has never been contended by anyone, and will not be contended in the case at bar, that the tax collector has any claim, or is entitled to the five per centum in question.

The chancery clerk in the case at bar paid the money in the county treasury because he conceived it to be a part

of the fees and emoluments of his office, and but for the
law providing a salary basis for county officers, he would
have retained such sum as a part of the compensation of
his office. The fee basis of compensation having been re-
stored to the chancery clerk by chapter 160 of the Laws
of 1922, the chancery clerk will now claim to be entitled
to the-five per centum in question as a part of the fees
and emoluments of his office.

In the case at bar, therefore the real issue is whether
the purchaser is entitled to the five per centum in ques-
tion, or whether such five per centum is a part of the
fees and emoluments of the chancery clerk. The Missis-
sippi Code of 1857, article 39, page 81, the Mississippi
Code of 1871, section 1701, and the Mississippi Code of
1880, section 531, all contain the same provision with ref-
erence to said five per centum.

In the Mississippi Code of 1892, however, very ma-
terial changes were made which affected the disposition
of said five per centum, and the law as written in the
Code of 1892 remains the same in the Code of 1906, and
in Hemingway's Code. In the Code of 1892 a new section
was included in the chapter on fees, denominated "Fees
for collecting delinquent taxes." See section 2021, Code
of 1892. This same section has been brought forward
in the Code of 1906, and in Hemingway's Code.

It will be observed, therefore, that for the first time,
in the Code of 1892, the tax collector is given two per
centum on the amount necessary to redeem, and the chan-
cery clerk is given two per centum on the amount nec-
essary to redeem, and it is provided that it shall be law-
ful for these respective officers to collect the fees in said
chapter enumerated for the services stated, and no more.

In the same code, that is the Code of 1892, the provi-
sions of the law with respect to the disposition of the five
per centum as provided in the Codes of 1857 and 1871
and 1880, were also for the first time changed (See sec-
tion 3823, Code 1892). They were changed by eliminat-
ing the words "for the compensation of said clerk for

making the same," and were made to read as follows: "And also five per centum on the whole amount of the redemption money."

This same language exists in the Code of 1906 and in Hemingway's Code. The fact that both these changes occurred for the first time in the Code of 1892 is most significant. If any meaning whatever is to be given to the changes in the law as they appear in the Code of 1892, then it must necessarily be that the legislature intended to change the law so as to take from the clerk the allowance of the five per centum. No other reasonable construction could be given to the changes made. The law is not only changed so as to eliminate the words "for the compensation of the clerk, etc.," but in addition thereto, a separate and new provision is made for the clerk in the fee chapter to the end that he is to receive two per centum on the amount necessary to redeem, and it is provided in this chapter that no other fees for similar services shall be demanded. It is necessary, therefore, that the two changes so made be considered together, and when so considered it is inescapable that the legislature intended that the chancery clerk should no longer be entitled to the five per centum.

In said section 3823, of the Code of 1892, as well as prior thereto, it was not specifically stated that the twenty-five per centum damages therein provided for should be paid to the purchaser, but the purchaser had always received the same, and has since always received the same, and it is to be presumed that the legislature knew that the purchaser had always received the same, and it might be reasonably concluded that when the legislature took from the chancery clerk the five per centum, leaving the statute silent as to the disposition thereof, it intended that the purchaser should receive the five per centum, as well as the twenty-five per centum. We have made an exhaustive search for some authority to guide us other than the Mississippi statutes, but we have been unable to find where this exact question has ever before been

passed upon by our court, or even presented to our court for decision.

When it is once concluded, as it must be concluded, that the chancery clerk is not entitled to the five per centum in question, and that the tax collector is not entitled to it, and that the state or county is not entitled to it, it must follow inescapably that the legislature intended in so changing the law to award the five per centum to the purchaser.

*R. R. Norquist,* for appellee.

We respectfully submit that the opinion of the learned circuit judge, which is incorporated in this record, is a correct statement of the law. In no event could the appellant succeed in this action for the reason that, being the plaintiff, it is incumbent upon him to prove that he is entitled to the funds sued for, and this is impossible for him to do because of the fact that there is no law which even by implication gives the appellant any right to such fund, and for this reason, if for no other, he cannot maintain his action. There being no authority in law for the appellant to receive said five per centum, he cannot benefit even by the process of elimination, which is so astutely worked out by his counsel.

The only funds to which the purchaser at a tax sale is entitled are those given him by section 4345 of the Code of Mississippi of 1906 (section 6979 of Hemingway's Code). The owner, upon redemption, must pay the purchaser the amount he has paid in taxes, "and twenty-five per centum on said amount, and interest on the sum paid at the rate of ten per centum per annum, and all expenses of the conveyance and registration, and ten per centum per annum interest."

As is stated in the brief of counsel for appellant, the sections of the Codes therein cited impose the five per centum, and were followed by the words "for compensation of the clerk for making same." This was at all

times erroneous as it provided compensation to the clerk for making a sale which he never made, and it may have been that the legislature omitted the words above quoted for that reason. The five per centum has always been collected by the clerk and must be still so collected by him. The fact that the words "for compensation of the clerk for making same" are omitted in the Codes of 1892 and 1906 cannot affect his right to the same.

It may have been that the legislature intended to relieve the owner, in case of redemption from the payment of this five per centum. The fact remains, however, that the said owner was not so relieved, and it is incumbent upon the clerk to collect from him said five per centum. There is no one to whom it can go under the law except to the chancery clerk, to be paid over by him, as a part of the fees of his office, into the treasury of the county.

We respectfully submit that the judgment of the court below is correct, and that the judgment must be affirmed.

Argued orally by *Virgil Howie,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was a purchaser of certain lands at a tax sale in Yazoo county. The owners redeemed the same within the time and in the manner provided by law, and on the redemption thereof paid the chancery court, in addition to the other costs and charges incident to the redemption, five per cent. on the amount of the redemption money as required by section 6972, Hemingway's Code (section 4338, Code of 1906), which five per cent. so paid amounted to $74.64. At the time of said redemption the county officers were operating under the salary law and the five per cent. was paid into the county treasury. The appellant claimed as purchaser of said land that he was entitled to the five per cent. so paid on the redemption thereof and that the payment of the same to the county treasurer was contrary to law. He presented his claim therefor in due form to the board of supervisors for allowance, which was rejected by the board. Whereupon

it was appealed to the circuit court where the judgment was against him, and he appealed here.

The question for decision is whether or not the purchaser is entitled to this five per cent. on the total amount of the money necessary to be redeemed under section 6972, Hemingway's Code (section 4338, Code of 1906), as amended by chapter 214, Laws of 1910, which section reads as follows:

"The tax collector shall file all conveyances of land sold to individuals in the office of the clerk of the chancery court of the county, on or before the first Monday of May, there to remain for two years from the day of sale, unless the land be sooner redeemed; and the owner of the land or any person for him, may redeem the same within two years by paying the clerk, regardless of the amount of the purchaser's bid at the tax sale, the whole amount of tax for which the land was sold, with all costs and charges consequent upon the sale, and twenty-five per centum damages upon the amount of tax, and all costs, and also all state and county taxes that have accrued on the land since the sale and also five per centum on the whole amount of the redemption money; to infants and persons of unsound mind whose lands may be sold for taxes, the right to redeem the same within two years after obtaining full age or sanity, from any purchaser thereof, on the terms herein prescribed, and on their paying the value of any permanent improvements on the land made after the expiration of two years from the date of the sale of the lands for taxes."

Prior to the enactment of the salary law under section 2197, Code of 1906 (section 1882, Hemingway's Code), the sheriff or tax collector under clause (f) of said section received two per cent. on the amount necessary to redeem. The chancery clerk, par. 3, clause (e) of said section, in addition to other fees therein provided received two per cent. on the amount necessary to redeem. This section fixes the compensation of the officers, while section 6972, Hemingway's Code (section 4338, Code of 1906), is silent

as to what the officers shall receive, but deals with what the owner must pay on redemption on lands sold. Under the salary law the officers on salary were required to collect all fees allowed them and pay the same into the county treasury. So in the present case, if the five per cent. went either to the officers or to the county, the judgment must be affirmed. Nothing is said in this section about where the five per cent. would go. Prior to the Code of 1892 this money went to the chancery clerk by specific provision of statute, and there is nothing in the present statute to indicate that it would go to the purchaser at the tax sale. By section 6973, Hemingway's Code (section 4339, Code of 1906), it is provided:

If the purchaser bid at a tax-sale, and pay over a sum larger than the full amount of the taxes, damages, and costs, and the excess at the time of the redemption be in the hands of the tax collector, the same shall be refunded to the purchaser,'' etc.

By section 6974, Hemingway's Code (section 4340, Code of 1906), it is provided on redemption that the clerk shall pay over the amount received by him to those entitled to receive it and that he shall also enter on the conveyance a statement of the items making up the amount paid, etc.

By section 6979, Hemingway's Code (section 4345, Code of 1906), it is provided that, in case the sale were illegal on some other ground, the purchaser may have certain charges decreed a lien in his favor, and under this section it is provided that twenty-five per cent. on the amount of tax and also interest at the rate of ten per cent. and all expenses of conveyance, registration, and all sums paid for taxes on the land afterwards purchased and ten per cent. per annum interest shall be decreed in favor of the purchaser in favor of the holder of the legal title.

Taking all of these provisions of law together, we fail to find where the purchaser is entitled to this five per cent. here claimed. Four per cent. of this amount is absorbed under section 1882, Hemingway's Code (section 2197, Code of 1906), in payment of the fees of the officers

therein mentioned, and it does not appear from any statute which we have found that the purchaser is entitled to the five per cent., or to any part thereof, and his right to such money must be found in the statute before he can recover. This being true, it is immaterial as to whether any officer would get the five per cent. or whether the county would get the five per cent.

The judgment of the court below will therefore be affirmed.

*Affirmed.*